**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| PATRICIA VOWAL,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR MARTINEZ, Jr., in his individual capacity,<br><br>Defendant. | CAUSE NO.: 2:24-CV-105-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Supplemental and Corrected Motion for Recusal or Disqualification Pursuant to 28 U.S.C. § 455(a) [ECF No. 73], filed by Plaintiff Patricia Vowal on August 25, 2026. Defendant Oscar Martinez, Jr. filed a response on August 26, 2026, ECF No. 74, and the Plaintiff filed a reply on August 31, 2026, ECF No. 75. The Court also considers the Plaintiff's Motion to Stay Proceedings Pending Resolution of Recusal Motion [ECF No. 77], which was filed contemporaneously with her reply brief.

In her motion for recusal, the Plaintiff asks the Court to evaluate whether the totality of the circumstances, viewed objectively, could cause a reasonable observer to question the impartiality of the undersigned and Magistrate Judge Rodovich. Under the relevant statute, a judge must disqualify herself from "any proceedings in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[1] "This is an objective inquiry." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988); *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976 (7th Cir. 1986); *Pepsico, Inc.*

---

[1] Under 28 U.S.C. § 455(b)(1), a judge must also recuse from a case when the judge "has a personal bias or prejudice" against a party to the proceeding. 28 U.S.C. § 455(b)(1). Under this actual bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (citation omitted). In her motion, the Plaintiff acknowledges that she is *not* alleging actual bias, prejudice, or improper conduct under § 455(b)(1).

*v. McMillen*, 764 F.2d 458 (7th Cir. 1985)). Recusal is warranted only when "an objective, disinterested observer fully informed of the reasons for seeking recusal would 'entertain a significant doubt that justice would be done in the case.'" *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (quoting *United States v. Simon*, 937 F.3d 820, 826 (7th Cir. 2019)).

In support, the Plaintiff argues that four circumstances, when taken together, constitute "structural circumstances" that risk undermining public confidence in the judiciary. Pl. Br. 7, ECF No. 73 (citing *Liljeberg*, 486 U.S. at 864). Having carefully considered the Plaintiff's arguments, the Court finds that an objective, reasonable, and fully informed observer knowing all these facts would not question the undersigned's or Judge Rodovich's impartiality.

First, the Plaintiff notes that she provided mental health services to inmates at the Lake County Jail from 2020 through September 2023. The Plaintiff then notes that the undersigned presided over *United States v. Lake County, Ind.*, Cause No. 2:10-CV-476 (N.D. Ind.), from 2010 to 2019, which involved, among many other conditions at the Lake County Jail, mental health care services at the Lake County Jail. The Plaintiff notes that, on August 31, 2017, the undersigned entered an order terminating medical care and suicide prevention provisions of a settlement agreement in that case and that the undersigned terminated the settlement agreement on December 18, 2019. The Plaintiff asserts that these facts show the prior lawsuit concerned the same facility, categories of services, and institutional actors as the present case. The Court finds that the undersigned's prior judicial oversight of the separate Lake County Jail litigation is unrelated to the instant litigation. This federal Court routinely presides over multiple cases involving the same local governmental entities, institutions, facilities, attorneys, and subject matter. This, by itself, is the normal work of the judiciary and is not indicative of a lack of impartiality.

Second, the Plaintiff notes that the Defendant's attorney, John M. Kopack, was an attorney in that earlier litigation who signed the joint motion to terminate the settlement agreement and to dismiss the case. The Plaintiff also notes that Attorney Kopack has represented

the Lake County Jail and related defendants in other federal litigation. The Court finds that defense counsel's prior representation of Lake County before the undersigned does not require recusal. Attorneys, such as Mr. Kopack, routinely represent governmental entities and officials in different cases before the same judges. The Plaintiff has identified no circumstances regarding any relationship between defense counsel and the undersigned or Judge Rodovich that would draw into question the Court's impartiality. *See Barr*, 960 F.3d at 920 (cautioning against viewing recusal questions "through the lens of a hypersensitive or unduly suspicious person rather than a well-informed, thoughtful observer" (cleaned up)). In fact, the Plaintiff expressly disclaims any allegation of actual bias, prejudice, misconduct, or personal interest.

Third, the Plaintiff offers that both the undersigned and Judge Rodovich previously served as Lake County deputy prosecutors. However, the Plaintiff acknowledges that prior government employment does not automatically require recusal. Pl. Br. 6 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Moreover, the undersigned and Judge Rodovich's prior service as Lake County deputy prosecutors occurred many decades ago. And any representation as a prosecutor in criminal matters is unrelated to the current civil employment retaliation action involving different facts, parties, and legal issues. *See Vivirito v. United States*, No. 24 C 7540, 2026 WL 353595, at *5 (N.D. Ill. Feb. 9, 2026) (citing *United States v. Ruzzano*, 247 F.3d 688, 694–96 (7th Cir. 2001), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788, 795 (7th Cir. 2016)).

Finally, the Plaintiff believes that her privacy and safety are in danger by this litigation, but she does not explain how that concern informs the instant motion for recusal. She specifically represents that she is not asking the Court to reconsider its ruling denying her motion to seal parts of this case.

Even when these facts are taken together, an objective, disinterested observer would not question the undersigned's or Judge Rodovich's impartiality in this case, and the Court denies the motion for recusal. As a result, the Plaintiff's motion to stay proceedings pending the

resolution of the motion for recusal is denied as moot. However, in the interests of justice, the Court will grant the Plaintiff additional time, as set forth below, to file her response, if any, to the Defendant's pending motion for summary judgment.

**CONCLUSION**

Accordingly, the Court DENIES the Plaintiff's Supplemental and Corrected Motion for Recusal or Disqualification Pursuant to 28 U.S.C. § 455(a) [ECF No. 73], DENIES as moot the Plaintiff's Motion for Recusal or Disqualification Pursuant to 28 U.S.C. § 455(a) [ECF No. 72], and DENIES the Plaintiff's Motion to Stay Proceedings Pending Resolution of Recusal Motion [ECF No. 77]. The Court ORDERS that the deadline for the Plaintiff to respond to the Defendant's Motion for Summary Judgment [ECF No. 66] is extended to September 21, 2026.

SO ORDERED on September 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT