**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| PATRICIA VOWAL,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR MARTINEZ, JR.,<br><br>Defendant. | CAUSE NO.: 2:24-CV-105-TLS |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Rule 54(b) Motion for Reconsideration of the Denial of Recusal and for Disqualification or Reassignment Pursuant to 28 U.S.C. § 455(a) [ECF No. 84]. For the reasons below, the Court denies the motion.

The Plaintiff asks the Court to reconsider its September 2, 2026 Opinion and Order [ECF No. 78] denying the Plaintiff's Supplemental and Corrected Motion for Recusal or Disqualification Pursuant to 28 U.S.C. § 455(a) [ECF No. 73]. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). And a motion to reconsider is not "an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*

*Nationale de Credit Agricole*, 90 F.3d at 1270 (citations omitted). "Disposition of a motion for reconsideration is left to the discretion of the district court . . . ." *Id.* (citation omitted).

The Plaintiff has not identified any newly discovered evidence. Rather, the Plaintiff argues that the Court did not consider the material factual circumstances in combination but rather "considered the circumstances principally one at a time." Pl. Mot. 1, ECF No. 84. The Plaintiff is mistaken. The Court applied the standard of 28 U.S.C. § 455(a) that a judge must disqualify herself from "any proceedings in which [her] impartiality might reasonably be questioned." ECF No. 78, p. 1 (quoting 28 U.S.C. § 455(a)). The Court considered both individually and in their totality all the circumstances the Plaintiff presented to question the Court's impartiality. *Id.* p. 2–3 (recognizing the Plaintiff's listing of circumstances that she argued, when "taken together, constitute 'structural circumstances' that risk undermining public confidence in the judiciary"). The Court explicitly found "that an objective, reasonable, and fully informed observer knowing *all these facts* would not question the undersigned's or Judge Rodovich's impartiality." *Id.* p. 2 (emphasis added); *id.* p. 3 ("Even when these facts are taken together, an objective, disinterested observer would not question the undersigned's or Judge Rodovich's impartiality in this case . . . .").

The Plaintiff also argues that she did not voluntarily remove Defendant Lake County from this litigation. This is incorrect. On October 27, 2025, the Plaintiff, by counsel, filed a Motion to Amend Complaint, in part to drop Defendant Lake County as a party defendant, and attached a proposed Second Amended Complaint, which removed Defendant Lake County as a party defendant. ECF No. 37. On November 17, 2025, the Court granted the Plaintiff's motion. ECF No. 42. The Plaintiff's decision to drop Defendant Lake County from this lawsuit is not evidence of the Court's lack of impartiality.

Finally, the Plaintiff references for the first time a parallel case filed in the United States District Court for the Northern District of Illinois, *Vowal v. Martinez*, 1:24-CV-2186. Because that separate litigation was not raised in the Plaintiff's Motion for Recusal, any argument based on the litigation is not properly before the Court. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Regardless, the existence of that litigation and its proceedings do not reflect on the undersigned's or Judge Rodovich's impartiality, and the fact of that litigation is not relevant to the motion for recusal. Accordingly, the Court denies the Plaintiff's motion to reconsider.

**CONCLUSION**

For these reasons, the Court finds that the Plaintiff has not identified a manifest error of law or fact or newly discovered evidence that would justify reconsideration of the Court's September 2, 2026 ruling and hereby DENIES Plaintiff's Rule 54(b) Motion for Reconsideration of the Denial of Recusal and for Disqualification or Reassignment Pursuant to 28 U.S.C. § 455(a) [ECF No. 84]. In the interests of justice, the Court EXTENDS the deadline for the Plaintiff to respond to the Defendant's Motion for Summary Judgment [ECF No. 66] to September 30, 2026.

SO ORDERED on September 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT